IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM FRAKES, JR.,** as Successor in Interest and Special Representative of William L. Frakes, deceased | )<br>)<br>)<br>)<br>) |
| **Plaintiff,** | ) Case No. 3:23-CV-2963-MAB<br>)<br>) |
| vs. | )<br>) |
| **JUSTIN WARREN, et al.,** | )<br>) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Amended Complaint filed November 4, 2024 (Doc. 57).

### BACKGROUND

William Frakes filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 while he was an inmate of the Illinois Department of Corrections for alleged deprivations of his constitutional rights at Robinson Correctional Center (*see* Doc. 1). Specifically, Mr. Frakes alleged that the defendants failed to protect him from a severe attack by a fellow inmate, and after his return from the hospital, failed to render adequate follow-up care for his injuries (Doc. 1). Mr. Frakes sought and was granted permission to proceed *in forma pauperis* (Doc. 7), which subjected his complaint to screening under 28 U.S.C. § 1915A. Following the threshold review of his complaint, Mr. Frakes was permitted to proceed

on an Eighth Amendment claim for failure to protect against correctional officers Justin Warren and Jordan Heckler (Doc. 10).

Shortly after this case moved past the pleadings phase, Mr. Frakes passed away (*see* Docs. 28, 31), and his family elected to continue prosecuting it in his stead. William Frakes, Jr., was appointed as Special Representative for his deceased father and was substituted in as the Plaintiff in this matter (Doc. 51). Plaintiff, through retained counsel, filed a three-count Amended Complaint (Doc. 57). The factual allegations set forth in the Amended Complaint are substantially the same as those contained in the original Complaint (*compare* Doc. 1, Doc. 10 *with* Doc. 57). Plaintiff reasserted his existing Eighth Amendment failure to protect claim against Defendants Heckler and Warren and also added John Doe Officers as Defendants in connection with this claim (Doc. 57). Plaintiff also asserted a new state law negligence claim against Defendants Heckler, Warren, and the John Doe Officers (*Id.*). And finally, Plaintiff added Joseph LaGesse as a Defendant and asserted a battery claim against him (*Id.*).

## DISCUSSION

The amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2) and/or § 1915A to filter out any non-meritorious claims. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.") (citing 28 U.S.C. § 1915(e)(2)(B)); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 669 (7th Cir. 2012) (district court can screen complaint filed by a non-prisoner proceeding in forma pauperis under 28 U.S.C. § 1915(e)(2)). Any portion of a complaint that is legally frivolous, malicious, fails

to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). An action fails to state a claim upon which relief can be granted if it does not plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this juncture, all well-pleaded allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

In Count 1 of the Amended Complaint, which asserts an Eighth Amendment failure to protect claim, Plaintiff alleges that:

- John Doe Correctional Officers and Defendants Heckler and Warren failed to protect Mr. Frakes by allowing LaGesse to run his black-market commissary operation (Doc. 57, para. 19);
- Defendant Heckler failed to protect Mr. Frakes by knowingly allowing Joseph Lagesse to possess a hot pot (Doc. 57, para. 16);
- Defendant Warren failed to protect Mr. Frakes by not following the prison's policy to separate inmates after a fight by moving them to another location to prevent any future anticipated retaliation or violence (Doc. 57, para. 17); and
- John Doe Correctional Officers failed to protect Mr. Frakes by disregarding or ignoring the warning signs that LaGesse was going to commit a violent attack (Doc. 57, para. 18).

The Court previously analyzed the failure to protect claim against Defendants Heckler and Warren and determined that Plaintiff sufficiently stated a claim (Doc. 10). That analysis stands and is incorporated in its entirety herein. Plaintiff can thus continue to proceed on this claim against Heckler and Warren. The Court also finds that Plaintiff sufficiently stated a claim against the John Doe Defendants for failure to protect. *See*

*Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (to establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety."). Count 1 shall proceed as alleged against Defendants Heckler, Warren, and the John Doe Officers.

In Count 2 of the Amended Complaint, which is a state law negligence claim, Plaintiff asserts the same conduct that forms the basis of his Eighth Amendment claim against Defendants Heckler, Warren, and the John Doe Correctional Officers also constitutes willful and wanton misconduct and thus serves as a basis for tort liability (Doc. 57, p. 6). Plaintiff's allegations are sufficient to state a claim at this stage. The Court acknowledges the possibility that Defendants will assert tort immunity as an affirmative defense. However, the Court opts not to preemptively address the issue of immunity and will instead wait to see if Defendants formally assert such a defense and argue for dismissal through an appropriate responsive pleading. Count 2 shall proceed as alleged against Defendants Heckler, Warren, and the John Doe Officers.

In Count 3 of the Amended Complaint, Plaintiff asserts a state law battery claim against Joseph LaGesse. His allegations are sufficient to state a claim and Count 3 shall proceed against LaGesse.

## Conclusion

This matter will proceed on Counts 1, 2, and 3 as alleged in the First Amended Complaint. Defendant Joseph LaGesse has already been served with process and filed his answer to the First Amended Complaint (Docs. 59–61). Defendants Heckler and Warren

are **ORDERED** to file an answer or other appropriate responsive pleading to the Amended Complaint on or before **February 14, 2025** and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Defendants' answer should follow the traditional requirements set forth in Federal Rule of Civil Procedure 8 (as opposed to following the procedure used with respect to the original complaint and only responding to the issues set forth in the merit review order (*see* Doc. 10)).

A status conference will be set to confer with the parties about the schedule in this matter, including deadlines for identifying the John Doe Defendants, whether the warden of Robinson Correctional Center needs to be added as a defendant in his/her official capacity only for purposes of responding to discovery aimed at identifying the John Doe Defendants, amending the complaint, and motions regarding any affirmative defenses that may be asserted by Defendants (e.g., tort immunity, failure to exhaust administrative remedies).

**IT IS SO ORDERED.**

**DATED: January 24, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**